IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DONNIE RAY VENTRIS,**

      **Plaintiff,**

      **vs.**
                                 **CIVIL ACTION**
                                       **No. 11-3013-SAC**

**STATE OF KANSAS, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. Plaintiff has submitted an initial payment of $332.08 to the clerk of the court, and the court grants leave to proceed in forma pauperis.[1]

Plaintiff seeks damages arising from his state court conviction.

**Screening**

Because plaintiff is a prisoner proceeding in forma pauperis, the court is required to conduct a preliminary screening of the complaint and to dismiss any portion of it that

---

[1] Plaintiff is advised that he remains responsible for the balance of $17.92 of the $350.00 filing fee.

is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) and (b). While a complaint filed by a party proceeding pro se and in forma pauperis must be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), a pro se party's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008)(describing *Twombly* standard for dismissal for failing to state a claim for relief).

**Background**

Petitioner was convicted in the District Court of Montgomery County, Kansas, of aggravated robbery and aggravated burglary. On direct appeal, the Kansas Court of Appeals affirmed the convictions. *State v. Ventris*, 142 P.3d 338 (Table), 2006 WL 2661161 (Kan. App.). Upon review, the Kansas Supreme Court reversed petitioner's convictions, vacated his sentences, and remanded the matter for a new trial. *State v. Ventris*, 176 P.3d 920 (Kan. 2008).

Thereafter, the United States Supreme Court granted the writ of certiorari, 129 S.Ct. 29 (2008), and reversed the judgment of the Kansas Supreme Court. *Kansas v. Ventris*, 129 S.Ct. 1841 (2009). Upon remand, the Kansas Supreme Court affirmed the decision of the Kansas Court of Appeals. *State v. Ventris*, 212 P.3d 162 (Kan. 2009).

**Claims for relief**

Plaintiff seeks relief based upon claims that (1) he was denied his rights under the Fifth and Sixth Amendment when, following his arrest, he invoked his rights under *Miranda*, and was then placed in a cell by himself; (2) he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments when the State failed to disclose favorable evidence; (3) he was denied his rights under the Fifth and Sixth Amendments when the State manufactured evidence; (4) he was denied his rights under the Sixth Amendment when the state failed to retry him within 90 days; and (5) he was denied his rights under the Fifth Amendment when a new federal charge was filed after plaintiff filed a motion for discharge in the state district court.

**Discussion**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "a claim to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid ... is not cognizable under §1983" until the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (citation omitted).

Accordingly, when a prisoner seeks damages in an action under § 1983, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. If so, the complaint should be dismissed until the plaintiff can demonstrate that the conviction or sentence has been invalidated.

Here, because the United States Supreme Court overturned the decision of the Kansas Supreme Court, the plaintiff's convictions have been reinstated. Accordingly, under *Heck*, any claim by plaintiff that challenges the validity of his state convictions is barred.

Next, to the extent plaintiff challenges his placement in a cell by himself after his invocation of *Miranda*, he states no claim for relief. Plaintiff challenges this placement on the ground that it "denied [him] any contact with other prisoners."

(Doc. 1, p. 5.) This brief placement, which the court interprets as placement in a holding cell, does not implicate a liberty interest. Plaintiff, as an arrestee, had no right to contact with other prisoners in the jail. *Cf. Sandin v. Conner*, 515 U.S. 472 (1995)(liberty interest exists only where interference with that interest would impose an "atypical and significant hardship ... in relation to the ordinary incidents of prison life.")

Finally, to the extent plaintiff's complaint may be interpreted to challenge the decision to commence federal charges, he has not identified a defendant who personally participated in the decision to initiate such charges.

For these reasons, the court is considering the dismissal of this matter. Plaintiff will be directed to show cause why that dismissal should not be entered.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Plaintiff is advised that the balance of $17.92 is payable to the clerk of the court and is subject to collection pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that on or before March 18, 2011, plaintiff shall show cause why this matter should not be dismissed for the reasons set forth herein.

IT IS FURTHER ORDERED the failure to file a timely response

may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this Memorandum and Order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 15th day of February, 2011.

                                S/ Sam A. Crow
                                SAM A. CROW
                                United States Senior District Judge