```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**DONNIE RAY VENTRIS,**

      **Plaintiff,**

                                           CIVIL ACTION
v.                                           No. 11-3013-SAC

**STATE OF KANSAS, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff proceeds pro se in this action filed under 42 U.S.C. § 1983. By an order dated February 15, 2011, the court directed plaintiff to show cause why the case should not be dismissed. Having reviewed plaintiff's response, the court concludes the complaint should be dismissed in respect to counts two, three, four, and five, and allowed to proceed in respect to count one.

### I.  Background

Plaintiff Donnie Ray Ventris, a prisoner in state custody, alleges several violations of his constitutional rights stemming from the state's actions before, during, and after his criminal trial.  Plaintiff was originally charged with murder, aggravated robbery, aggravated burglary, and misdemeanor theft in Montgomery County, Kansas.  During trial, he made statements that were contradicted by a confession of guilt he allegedly made to an informant placed in his cell in an attempt to gather information

prior to trial. Though the state admitted that use of the informant violated plaintiff's Sixth Amendment rights, the state district court, over objections, allowed use of the informant's testimony for impeachment purposes. Plaintiff was acquitted of murder and misdemeanor theft but convicted of the other two charges. On review, the Kansas Court of Appeals affirmed the use of the informant's testimony to impeach plaintiff's statements, but the Kansas Supreme Court reversed, stating that this use was inappropriate. *State v. Ventris*, 142 P.3d 338 (Kan. Ct. App. 2006) (unpublished); *State v. Ventris*, 176 P.3d 920, 930 (Kan. 2008). The state appealed to the United States Supreme Court, which found that the informant's testimony could be used for impeachment despite the fact it was gathered in violation of the Sixth Amendment. *Kansas v. Ventris*, 129 S.Ct. 1841, 1847 (2009). On remand, the Kansas Supreme Court vacated its prior decision and affirmed the decision of the Court of Appeals. *State v. Ventris*, 212 P.3d 162, 165 (Kan. 2009).

His conviction reinstated, plaintiff now alleges five separate violations of his civil rights: 1) that he was placed in a cell alone and then only with an informant, in violation of his Fifth and Sixth Amendment rights; 2) that the state manufactured evidence in the form of taped conversations between himself and the informant, violating his Fifth and Sixth Amendment rights; 3) that the state failed to disclose favorable evidence, violating his

Fifth, Sixth, and Fourteenth Amendment rights; 4) that the state failed to either retry him or enter a stay after his initial conviction was overturned, violating his Sixth Amendment rights; and 5) that a new federal charge was filed against him in retaliation to a motion for discharge, violating his Fifth Amendment rights.  In his response, plaintiff clarifies that the first count is focused not on the solitary nature of his detention but rather that the state improperly placed the jailhouse informant in his cell, for the purpose of gathering evidence against him for use at trial.

## II. Discussion

In its initial order, the court ordered plaintiff to show cause on three separate grounds, requiring that he demonstrate that the damages sought would not be barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), that he provide reasoning as to how placement in a cell by himself constituted a liberty interest, and that he name a defendant responsible for bringing the federal indictment he is now attempting to challenge.  The court will address plaintiff's response to each of these issues in turn.

**A.   Claims for damages as barred by *Heck v. Humphrey*.**

In *Heck v. Humphrey*, the United States Supreme Court established that a claim to recover damages under § 1983 is not permissible when the harm was "caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. at 486.

Unless a prisoner's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," he is barred from bringing suit if successful recovery of damages might challenge the validity of the state's judgment against him, be that challenge explicit or simply reasonably implied. *Id.* at 487.

As the Kansas Supreme Court reinstated plaintiff's conviction, any claims which would challenge the validity of those convictions are therefore barred. *See State v. Ventris*, 212 P.3d at 165. In his complaint, plaintiff sets forth three counts which may challenge his conviction: the state's alleged fabrication of evidence, the state's failure to produce favorable evidence, and the state's failure to either retry or release him after the Kansas Supreme Court's ruling. As discussed below, plaintiff has failed to properly show cause and all three counts will be barred.

In *Higgins v. City of Tulsa, Okla.*, the Tenth Circuit upheld dismissal of § 1983 claims alleging, in relevant counts, that the state both fabricated and withheld evidence. 103 F. App'x 648, 650-651 (10th Cir. 2004). Despite the fact that this evidence spoke only to the charge for which plaintiff was acquitted, the court found that any reasonable person would, through the suggestion of long-term governmental misconduct, understand the claim to imply the invalidity of his convictions as a whole. *Id.* at 651. While

the evidence at issue in the instant case does heavily concern the murder charge for which plaintiff was acquitted, allowing him to proceed on his similar allegations would, as in *Higgins*, necessarily imply the invalidity of his convictions due to a deeper vein of misconduct by the state. *See id.* Therefore, plaintiff's claims regarding the evidence are barred.

Similarly, the claim regarding the state's failure to either retry plaintiff or enter a stay cannot stand. *Heck* also bars the recovery of damages when they would challenge the "fact or duration" of a sentence. 512 U.S. at 481. The thrust of this claim is essentially that plaintiff should have been retried and possibly released long before the Supreme Court issued its decision. As this calls into question the very fact of the sentence he is currently serving, it cannot proceed.

For these reasons, the complaint is dismissed in respect to the counts two, three, and four.

**B.   Claim regarding solitary placement in cell.**

Initially, plaintiff alleged that placement in a cell without other prisoners was in itself a violation of the Fifth and Sixth Amendments. In his response, he indicates that this claim actually concerns the fact that he was placed not alone but rather with an informant who was specifically charged with gathering information from him in violation of his Fifth and Sixth Amendment rights. As it is well established that placing an undisclosed government

informant in a cell with a defendant any time after charges are brought is a violation of that defendant's Sixth Amendment rights, the court must now consider whether this claim is barred, as well. *U.S. v. Henry*, 447 U.S. 264, 273-74 (1980); *see also Massiah v. U.S.*, 377 U.S. 201 (1964).

While *Heck* necessarily bars all claims which would imply the invalidity of a conviction, it also allows for recovery in situations where the validity of the judgment would not be implicated. 512 U.S. at 487. In its decision, the court recognized that doctrines which serve to allow the use of evidence gathered in violation of a defendant's civil rights, such as inevitable discovery, independent source, and harmless error, may allow for scenarios in which recovery through a § 1983 action will not implicate a conviction's validity. *Id.* at 487 n.7. This exception is most often applied to Fourth Amendment search and seizure violations and Eighth Amendment excessive force violations. *See, e.g., Pearson v. Weischedel*, 349 Fed. App'x 343 (10th Cir. 2009); *Martinez v. City of Albuquerque*, 184 F.3d 1123 (10th Cir. 1999).

Throughout course of the case against plaintiff, the state has admitted that placement of the informant in his cell was a violation of his Sixth Amendment rights. *See Kansas v. Ventris*, 129 S.Ct. at 1845 ("The State has conceded throughout these proceedings that Ventris's confession was taken in violation of *Massiah*'s dictates . . . ."). Despite this, the informant's testimony was

used only for impeachment purposes and not in the state's case-in-chief. This use, upheld by the Supreme Court, did not substantially affect the outcome of plaintiff's trial, suggestive of the type of harmless error imagined by *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). In *Fulminante*, the Court found that involuntary statements and confessions are harmless errors and that even their admission into the case-in-chief is not one which "'transcends the criminal process'" as a trial error (subject to reversal) does. *Id.* at 311. In fact, the Kansas Court of Appeals, in the decision which was affirmed by the Kansas Supreme Court on remand, explicitly found that use of the informant, though in error, was harmless. *State v. Ventris*, 142 P.3d 338 (unpublished).

While this court has unearthed no case law in which a claim of this sort was raised against a state's admitted violation of a constitutional right, the court is persuaded by plaintiff's argument that "the civil ligation can not and will not effect the outcome of criminal proceedings but it can and should punish the [admitted] unlawful acts of the defendants." Resp. of Plaintiff to Memo. & Order [to] Show Cause at 4 (ECF No. 4). While the use of the informant may have been harmless error, the state has repeatedly admitted that it violated plaintiff's Sixth Amendment rights. This situation, while unique, clearly belongs in the category of suits not barred by *Heck*, as it will not challenge the validity of the standing convictions. For this reason, the first

count is allowed to proceed.

    *C.   Claim regarding federal criminal charge.*

Plaintiff's final count challenges a federal criminal charge brought against him shortly after he filed a motion for discharge in state court.  He alleges that this charge was brought in retaliation to the motion.  In its order to show cause, the court found that plaintiff failed to name an appropriate defendant for that challenge.  In his response, plaintiff attempts to amend, adding the United States and two U.S. Attorneys as defendants.

Despite this, the court finds that plaintiff's claim must be dismissed.  A prosecutor is entitled to absolute immunity against civil liability for actions taken in the traditional prosecutorial role.  *Imbler v. Pactman,* 424 U.S. 409, 430 (1976)(a prosecutor is shielded by absolute immunity for activities "intimately associated with the judicial phase of the criminal process").  *See also Kalina v. Fletcher,* 522 U.S. 11 (1997)(a prosecutor's conduct in the preparation and filing of criminal charges is protected by absolute immunity).  For this reason, the count challenging the decision to bring federal criminal charges is dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) is dismissed in respect to counts two, three, four, and five.

IT IS FURTHER ORDERED that the first count, involving the state's admitted violation of plaintiff's Sixth Amendment right,

will be allowed to proceed.  The court therefore orders service of process on defendants State of Kansas, Cullin, Daniels, Rooks, Dierks, Wade, and Fryback.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 22nd day of September, 2011.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            United States Senior District Judge