IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE RAY VENTRIS,

        Plaintiff,

v.                                                                        No. 11-3013-SAC

STATE OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

During the course of the underlying criminal case against plaintiff, the state admitted that placement of an informant in Plaintiff's cell violated his Sixth Amendment rights. *See Kansas v. Ventris*, 556 U.S. 586, 590 (2009). Plaintiff subsequently brought this multiple-count 42 USC § 1983 case, and the Court dismissed all counts but the one relating to placing an informant in Plaintiff's cell. This order resolves the pending motions except for Defendants' 12(b)(6) motion to dismiss.

**Plaintiff's Motion to Appoint Counsel and Request for Jury Trial**

Plaintiff moves the court to appoint counsel for him, asserting that the legal issues in this case are complex, that he has very limited knowledge of the law and its procedures, and that he cannot afford to hire counsel to represent him.

This is a civil suit, so the Plaintiff has no Sixth Amendment right to counsel, and it is left to this court's sound discretion under 28 U.S.C. §

1915(e) to appoint counsel for him as an indigent party. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). The discretion is exercised in consideration of "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Id.* (citation and internal quotation marks omitted). The district court's exercise of its discretion is only overturned in "those extreme cases where the lack of counsel results in fundamental unfairness." *Id.*

The Court has reviewed the pleadings and documents filed by the parties, and finds that Plaintiff has shown an understanding of the issues and an ability to express himself sufficiently to convey his position on them. Plaintiff's motion to appoint counsel is denied.

Plaintiff has also requested a jury trial. Although Plaintiff did not timely demand a jury trial, *see* Fed. R. Civ. Pro. 38(b), the Court liberally construes Plaintiff's request as a motion pursuant to Rule 39(b) (stating "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.")

Although 42 USC § 1983 does not by itself confer a right to a jury trial, a § 1983 suit seeking legal relief is an action at law within the meaning of

the Seventh Amendment's guarantee of a right to a jury trial. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,526 U.S. 687 (1999). The Tenth Circuit has noted that "[t]he right to a jury trial does not apply to applications ... for prisoner relief under 42 U.S.C. § 1983..." *Martin v. State*, 1998 WL 552607, 2 (10th Cir. 1998). But this prisoner's case seeks damages of "10 million" for the admitted Sixth Amendment violation and does not seek Plaintiff's release from prison. It therefore presents an issue for which a jury might have been demanded.

Defendants have alleged no prejudice from Plaintiff's late request for a jury trial, and given the early posture of the case the Court finds no prejudice flowing from Plaintiff's untimely request. Finding no persuasive reason to deny Plaintiff's request, the Court rules that in the event this case reaches trial, trial shall be by a jury and not by the court.

**Defendant State of Kansas' Motion to Dismiss It as a Party**

The Defendant State of Kansas has moved to dismiss it as a party, contending this court lacks subject matter jurisdiction over it because it is entitled to Eleventh Amendment immunity. Plaintiff has not objected to this motion, and instead concedes that the State should be dismissed as a defendant. (Dk. 23). Accordingly, the State's motion to dismiss is granted.

**Plaintiff's Motion for Leave to Amend Complaint**

In addition to seeking to dismiss the State of Kansas as a party, Plaintiff moves for leave to amend his complaint by adding the Montgomery

County Commissioners as parties. Plaintiff's sole statement in support of this motion is that the County Commissioners are "the governing body controlling the actions of the Sheriff of Montgomery County and the Montgomery County jail." (Dk 23.) Plaintiff does not name the Montgomery County Commissioners or make any factual assertions regarding any of them.

Defendants oppose the motion, contending that the Plaintiff cannot amend as a matter of right because the Defendant State of Kansas has filed a responsive pleading. But the motion to dismiss to which Defendants apparently allude is not a pleading, *see* Fed. R. Civ. Pro. 7(a), and the record reflects no responsive pleading filed by any defendant. *See Adams v. Campbell County Sch. Dist.,* 483 F.2d 1351, 1353 (10th Cir. 1973) ("A motion to dismiss is not a responsive pleading within the meaning of [Fed.R.Civ.P.] 15(a)."). Thus the rule relied on by Defendants is inapplicable. *See* D. Kan. Rule 15.1 (a) (governing motions to amend that may not be filed as a matter of right.)

Fed. R. Civ. Pro. 15 states that a party may amend a complaint which has not yet been answered once as a matter of course within 21 days after a defendant serves a Rule 12(b) motion. Plaintiff's motion to amend was filed within 21 days after service of Defendant State of Kansas's Rule 12(b) motion to dismiss, so is timely. *See* Dks. 16, 23. The Rule would permit Plaintiff to amend his complaint once as a matter of course.

4

Nonetheless, "the right to amend as a matter of course is not absolute," and "defendants and the courts should not be tasked with responding to futile amendments." *Hafen v. Carter,* 248 Fed.Appx. 43, 46, 2007 WL 2693853, 2 (10th Cir. 2007), quoting *Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004).

> But the right to amend as a matter of course is not absolute. *Perkins v. Silverstein,* 939 F.2d 463, 471-72 (7th Cir.1991). Rather, a "court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Id.* at 472; *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist.,* 133 F.3d 1054, 1057 n. 4 (7th Cir.1998) (recognizing exception to right to amend once as a matter of course). A contrary holding "would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs." *Perkins,* 939 F.2d at 472.

*Crestview,* 383 F.3d at 558 (7th Cir. 2004). A court may deny a motion for leave to amend where, among other reasons, "amendment would be futile." *Jefferson County Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason …." *Watson v. Beckel,* 242 F.3d 1237, 1239–40 (10th Cir. 2001).

Although Plaintiff has not attached a proposed amended complaint, Plaintiff states he seeks to add the County Commissioners because they are the "governing body controlling the actions of the Sheriff of Montgomery County and the Montgomery County jail." Dk. 23. But Commissioners cannot be held liable under Section 1983 merely because they are Commissioners.

*See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *Dodds v. Richardson,* 614 F.3d 1185, 1198 (10th Cir. 2010) (*quoting Iqbal,* 556 U.S. at 677). Because § 1983 imposes liability for a defendant's own actions, "personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey,* 658 F.3d 1235, 1241 (10th Cir. 2011). Thus a plaintiff must name the individuals responsible, and plead the facts showing "exactly *who* is alleged to have done *what* to *whom* to provide each individual with fair notice as to the basis of the claims against him or her." *Smith v. United States,* 561 F.3d 1090, 1104 (10th Cir. 2009) (emphasis in original).

Plaintiff's sole claim is that defendants improperly placed a jailhouse informant in his cell for the express purpose of gathering evidence against him for use at trial, in violation of his Fifth and Sixth Amendment rights. Without a plausible showing of what acts the individual Commissioners personally took in regard to placing that informant in Plaintiff's cell, an amendment would be futile. Plaintiff does not allege a deprivation of his constitutional rights pursuant to a Montgomery County policy or custom, and thus presents no claim for relief against the Board itself. Plaintiff's motion to amend is therefore denied.

**Defendant's Motion to Strike Plaintiff's Surreply**

The individually-named Defendants (Cullin, Daniels, Dierks, Fryback, Rooks, and Wade) have moved the court to strike Plaintiff's Surreply filed in

relation to Defendants' motion to dismiss for failure to state a claim because surreplies are not permitted without leave of court. In response to the motion to strike, Plaintiff states that he was unaware of the rule and believed the surreply necessary to clarify the issues. Defendants have replied, addressing the Plaintiff's surreply both procedurally and substantively.

The Court finds no prejudice to the Defendants from Plaintiff's filing of the surreply, so excuses Plaintiff's late response and grants his implied request for leave to file a surreply. Accordingly, Defendant's motion to strike Plaintiff's surreply is denied. Plaintiff is cautioned, however, that in the future, the Court will not be so lenient. Plaintiff is now well aware of the rules requiring responses to such motions to be filed within 14 days, and permitting no briefing of motions after a reply unless leave of court is given. *See* Dk. Kan. Rules 6.1, 7.1. Plaintiff shall be held to these rules in the future.

IT IS THEREFORE ORDERED that Plaintiff's motion to appoint counsel (Dk. 6) is denied; that Plaintiff's motion for a jury trial (Dk. 6) is granted; that Defendant State of Kansas' motion to dismiss it as a party (Dk. 16) is granted; that Plaintiff's motion for leave to amend complaint (Dk. 23) is denied; and that Defendant's motion to strike Plaintiff's Surreply (Dk. 32) is denied.

Dated this 26th day of September, 2012 at Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge