IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE RAY VENTRIS,

        Plaintiff,

      v.                     No. 11-3013-SAC

STATE OF KANSAS, et al,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the Defendants' motion to dismiss for failure to state a claim. Defendants' motion contends that Plaintiff's complaint fails to state sufficient facts to allege a claim against the Defendants, that Defendants are entitled to qualified immunity, and that Plaintiff's claims are barred by the statute of limitations. Defendants' memorandum adds that Plaintiff fails to allege damages as a result of any violation of his rights. Plaintiff opposes the motion.

## I. Background

Ventris and his co-Defendant, Ms. Theel, were arrested and charged in January of 2004 with murder and other crimes. Prior to trial in August of 2004, a paid informant was placed in Ventris' cell, and allegedly heard Ventris admit to shooting and robbing the victim. At trial, Theel testified at trial that Ventris had shot and robbed the victim, but Ventris testified that Theel committed those acts. The State then called the informant for the

purpose of impeaching Ventris' testimony. The District Court, over objections, allowed the use of the informant's testimony for impeachment purposes. Ventris was acquitted of felony murder and misdemeanor theft, but was convicted of aggravated robbery and aggravated burglary.

Ventris appealed his conviction to the Kansas Court of Appeals, which found no error in the use of the informant's testimony. *State v. Ventris*, 142 P.3d 338, 2006 WL 2661161. But the Kansas Supreme Court reversed, holding that the use of the informant's testimony for any reason was unconstitutional. *State v. Ventris*, 285 Kan. 595 (2008). The United States Supreme Court ultimately held that the use of the informant's testimony for purposes of impeachment was proper, although such testimony could not be used in the State's case-in-chief. *Kansas v. Ventris*, 556 U.S. 586 (2009).

During the course of the underlying criminal case against plaintiff, the state conceded that placement of an informant in Plaintiff's cell violated his Sixth Amendment rights. *See Kansas v. Ventris*, 556 U.S. 586, 590 (2009). The United States Supreme Court did not independently determine that Plaintiff's Sixth Amendment rights had been violated, but accepted the State's concession as law of the case, stating:

> The State has conceded throughout these proceedings that Ventris's confession was taken in violation of *Massiah* 's dictates and was therefore not admissible in the prosecution's case in chief. Without affirming that this concession was necessary, see *Kuhlmann v. Wilson,* 477 U.S. 436, 459–460, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986), we accept it as the law of the case.

*Ventris*, 556 U.S. at 590. This court does the same.

Ventris filed this 42 USC § 1983 action on January 12, 2011. Thereafter, this Court dismissed Counts II, III, IV, and V, and directed that the Complaint proceed solely on Count I - Plaintiff's claim involving the violation of the Plaintiff's Sixth Amendment rights. Dk. 5. The motion to dismiss is directed solely toward that claim.

## II. Motion to Dismiss Standard

To survive a motion to dismiss, a plaintiff must allege facts sufficient to demonstrate his claim for relief is plausible on its face. *Jordan–Arapahoe, LLP v. Board of County Com'rs of County of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). " 'A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Jordan–Arapahoe*, 633 F.3d at 1025 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009)). In making this determination, the court accepts as true all well-pleaded factual allegations included in the complaint. *Howard v. Waide*, 534 F.3d 1227, 1243 (10th Cir. 2008). The court does not, however, accept legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Although a complaint filed pro se by a party must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "conclusory

allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[The] court … will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## III. Statute of Limitations

The Court first addresses Defendants' contention that Plaintiff's suit, filed in 2011, is barred by the applicable statute of limitations.

### A. Accrual of Sixth Amendment Claim

The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court thus applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4).

But "the accrual date of a Section 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006), *cert. denied*, 549 U.S. 1059 (2006). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid*

4

*City Commission*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation and citations omitted).

The Sixth Amendment right to counsel bars admission of statements elicited from a criminal defendant by a government informant when the statements relate to the charge on which the defendant has been indicted. *Maine v. Moulton,* 474 U.S. 159 (1985). Thus the government cannot constitutionally elicit incriminating statements from a charged defendant outside the presence of counsel. *United States v. Mullins*, 613 F.3d 1273, 1286 (10th Cir. 2010).[1]

The United States Supreme Court held that Ventris's Sixth Amendment right was violated at the time the uncounseled "interrogation" was conducted, rather than at the time the information was used against him at trial. *Ventris*, 556 U.S. at 592. This is consistent with the general rule that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 558 (10th Cir. 1998) (quoting *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Plaintiff's claim in this case thus accrued at the time that informant Doser questioned him. The record does not reveal that date, but indicates

---

[1] The Sixth Amendment does not forbid admission of an accused's statements to a jailhouse informant who makes no effort to stimulate conversations about the crime charged and serves as a mere "listening post." *Kuhlmann v. Wilson, supra,* 477 U.S. 436, 456, n. 19 (1986).

that Plaintiff's criminal trial began on August 30, 2004 and ended on September 2, 2004. Because the informant's interrogation necessarily occurred before Plaintiff's trial in August of 2004, this 2011 suit is untimely and subject to dismissal, absent some form of tolling.

### B. Tolling of Statute

Plaintiff first contends that the statute of limitations was tolled from September 15, 2006 until July 24, 2009. Dk. 28, p. 5. Those dates correspond to the date the Kansas Court of Appeals upheld use of the informant's impeaching testimony to the date the Kansas Supreme Court did the same on remand from the United States Supreme Court, rendering Plaintiff's criminal case final. Dk. 28. But even assuming that tolling during those dates is appropriate, the two-year statute would have expired before that tolling period began, since the informant's interrogation necessarily occurred more than two years before September 15, 2006.

Alternatively, no basis for tolling has been shown. Because the court borrows the Kansas statute of limitations in 1983 cases, it also gives effect to Kansas's tolling principles. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). *See generally Hardin v. Straub*, 490 U.S. 536 (1989). The Plaintiff has the burden of establishing a factual basis for tolling the statute. *Aldrich v. McCulloch Props. Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 250 Kan. 23, 26 (1992).

6

### 1. Tolling During Appeals of Underlying Criminal Lawsuit

To meet this burden, Plaintiff relies on the pendency of the appeals in his criminal case. Plaintiff states, without citation to authority, that he is not allowed to proceed in a civil matter while related issues are in criminal court, or to present any matter to a lower court that is before a higher court. Dk. 28, p. 4.

Kansas common law holds that the statute of limitations is tolled when a party is effectively prevented from exercising a legal remedy.

> 'The rule in this jurisdiction is that if a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute of limitations applicable to the remedy is postponed, or if it has commenced to run, is suspended or tolled, during the time the restraint incident to the proceedings continues.' (Syl. 7.) (Citations omitted).

*Keith v. Schiefen-Stockham Ins. Agency, Inc.*, 209 Kan. 537, 544 (1972) quoting *In re Estate of Brasfield*, 168 Kan. 376, 386 (1950). *See Price, Administrator v. Holmes*, 198 Kan. 100, 107 (1967). Effective prevention occurs when the decision in a pending action is "practically conclusive" and where a successful result in that action is a "prerequisite to [the plaintiff's] right to maintain a new action." *Price,* 198 Kan. at 109 (citations omitted). Compare *Bendis v. Alexander & Alexander, Inc.*, 1995 WL 555833, 5-6 (10th Cir. 1995) (finding no effective prevention from a pending lawsuit) with *Mo-Kan Teamsters Pension Fund v. Creason,* 669 F.Supp. 1532, 1537-38 (D.Kan. 1987) (finding effective prevention from a pending lawsuit). *Cf Wagher v. Guy's Foods, Inc.*, 256 Kan. 300, 310-

11 (1994) (finding effective prevention by requirement of administrative exhaustion).

Plaintiff has not shown that he was impeded in filing this civil case by the pendency of the legal proceedings in his criminal case. If a reversal of his convictions were a prerequisite to his right to maintain this Section 1983 action, this suit would be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Conversely, if a judgment for the plaintiff awarding damages for the violation of his Sixth Amendment rights "would necessarily imply the invalidity of his conviction," his cause of action in this Section 1983 case would not accrue until his criminal conviction or sentence is invalidated. *Heck,* 512 U.S. at 487; *See Parris v. United States,* 45 F.3d 383, 384–85 (10th Cir.) (dismissing pursuant to *Heck* allegations that the government's evidence was fabricated and false, and that the government's witnesses lied), *cert. denied,* 514 U.S. 1120 (1995). Plaintiff's criminal convictions and sentence are final and will not be invalidated.

A judgment for monetary damages in this case for the violation of Plaintiff's Sixth Amendment rights would not necessarily imply the invalidity of his underlying criminal conviction. *See* Dk. 5.

> Not every civil judgment will imply the invalidity of the underlying criminal conviction because "doctrines like independent source and inevitable discovery, and especially harmless error" allow a court to recognize a constitutional violation while upholding the conviction itself as constitutional. *Id.* at 487 n. 7, 114 S.Ct. 2364 (citations omitted). For example, a claim for damages that would only invalidate one basis for a conviction is still cognizable under § 1983 as long as there are other independent grounds supporting the conviction.

*Pearson v. Weischedel*, 349 Fed.Appx. 343, 347, 2009 WL 3336117, 2 (10th Cir. 2009). The Kansas Court of Appeals expressly found in Plaintiff's criminal appeal that use of informant Doser's testimony for impeachment purposes was not erroneous. That finding was ultimately upheld by the United States Supreme Court, and adopted on remand by the Kansas Supreme Court. Thus Plaintiff's claim for damages in this case, even if successful, will not invalidate any basis for his criminal conviction.

Further, grounds independent of the informant's impeaching testimony supported Plaintiff's conviction. The Court of Appeals found that the informant's testimony was not effective. *See State v. Ventris*, 142 P.3d 338 at 4-7 ("At trial, the primary dispute became a credibility contest between Ventris, Theel, and Doser. The jury clearly questioned Theel's and Doser's credibility, because it acquitted Ventris of killing Hicks.") The Court then found that "[b]esides the direct testimony of Theel and Doser, there was much circumstantial evidence to refute Ventris' ... defense." Id., at 7.

Throughout Plaintiff's criminal appeal, the State conceded that Plaintiff's Sixth Amendment rights had been violated, *see State v. Ventris*, 142 P.3d 338 at 3, 4 (so noting), and Plaintiff was unquestionably aware of that concession no later than 2006. Nothing about the facts of this case would have compelled the Plaintiff to await the final outcome of his criminal case before filing this civil case. Conversely, nothing about the pendency of Plaintiff's criminal appeal restricted the Plaintiff's ability to sue Defendants

for his Sixth Amendment violation within two years of its occurrence. Therefore, no basis for legal tolling has been shown.

### 2. Tolling During Exhaustion of Administrative Remedies

Plaintiff also claims that the statute was tolled "for the exhaustion of remedies, necessary before filing a petition pursuant to 42 USC § 1983." Dk. 28, p. 5. Under Kansas common law, "a plaintiff is entitled to tolling of the statute of limitations during the period he exhausted his administrative remedies. *See Wagher v. Guy's Foods, Inc.,* 256 Kan. 300, 885 P.2d 1197, 1205-06 (1994)." *Bloom v. McPherson*, 346 Fed.Appx. 368, 371, 2009 WL 3166959, 3 (10th Cir. 2009). But no exhaustion is necessary before a prisoner files a Section 1983 case which, if successful, would not necessarily invalidate state-imposed confinement. *Wilkinson v. Dotson,* 544 U.S. 74, 84 (2005). As previously noted, the Plaintiff is not contesting his conditions of confinement, which would require the exhaustion of administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Porter v. Nussle,* 534 U.S. 516, 532 (2002). Tolling for exhaustion of administrative remedies is not warranted.

### 3. Equitable Tolling

Kansas also recognizes the doctrine of equitable tolling, but applies it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.' " *Friends University v. W. R. Grace & Co.*, 227 Kan. 559, 564 (1980) (quoting *Rex v. Warner,* 183

Kan. 763, 771 (1958)). Plaintiff's sole allegation along these lines is that the State previously argued that "the matter was tolled" due to the writ of certiorari it filed in the U.S. Supreme Court. Dk. 28, p. 4. Plaintiff neither shows the court the State's arguments to which he alludes, nor addresses it further. Accordingly, the record fails to support a claim that Defendants affirmatively induced Plaintiff into delaying his filing of this suit. Additionally, the Supreme Court has held that equitable tolling is "not appropriate to avoid the risk of concurrent litigation in a § 1983 action." *Wallace v. Kato*, 549 U.S. 384 (2007). Thus no basis for equitable tolling has been shown.

### 4. Statutory Tolling for Prisoners

In an abundance of caution, the Court permitted Plaintiff to file a surreply. In it, Plaintiff contends for the first time that the statute of limitations was tolled because he was a prisoner. Dk. 31, pp. 3-5. The relevant Kansas statute[2] states the general tolling rule that persons imprisoned for a term less than life may bring a civil action within one year after that disability is removed, but no more than eight years after the act which gave rise to the cause of action. It then states the exception that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60-515(a).

---

[2] Plaintiff cites K.S.A. § 60-523, but alludes to the substance of K.S.A. § 60-515. Dk. 31, p. 3.

State inmates have the right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith,* 430 U.S. 817, 822 (1977). And states must "provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828. But the constitutional obligation does not require states to afford inmates unlimited access to a library, *Twyman v. Crisp,* 584 F.2d 352, 358 (10th Cir. 1978), and is satisfied if states provide inmates with "a reasonably adequate opportunity" to present their legal claims, *Bounds,* 430 U.S. at 825. To establish a violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

The same specificity is required for an inmate's claim of tolling based on lack of access to the courts. *Cf Mayes v. Province*, 376 Fed. Appx. 815, 816-17 (10th Cir. 2010) (examining 2244(d)(1)(B)'s tolling provision for habeas action's one-year statute of limitations). Plaintiff must explain "how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations." *Id., citing Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay"). *See also Weibley v. Kaiser,* 50 Fed.Appx. 399, 403 (10th Cir. 2002) (unpublished).

Plaintiff was represented by counsel during his criminal trial in 2004, and throughout his appeals which began in 2004 and continued through 2009. The Tenth Circuit has not decided whether a defendant's assistance of counsel in a criminal matter has any impact on that defendant's access to courts in a related civil matter, and approaches from other jurisdictions vary. Compare Tarpley v. Allen County, Indiana, 312 F.3d 895, 899 (7th Cir. 2002) (access to courts via appointed counsel in a criminal matter does not facilitate access to courts in an unrelated civil matter), with Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir. 1991) (where defendant has appointed counsel in a criminal case, no presumption arises that defendant is barred from discussing civil matters with his appointed attorney.) The Court finds this factor to be immaterial.

Plaintiff contends that while he was in the Montgomery County jail he had no access to a law library. But Plaintiff does not specify when or how long he was in that facility, and admits that when he transferred to Norton Correctional Facility, he had "meaningful access to law library facilities." Dk. 31, p. 4. There, Plaintiff had access to Lexis/Nexus and to the law library during recreational hours. Plaintiff complains that he had to sign up for access to the computer to use Lexus/Nexus, but does not contend that he was unable to get such access. Plaintiff also complains that he did not get copies of his trial transcripts in a timely manner. But copies of transcripts were not necessary or helpful to Plaintiff's claim in this suit. Thus Plaintiff

fails to specify any opportunity he sought which was denied him, or to allege any acts taken by Defendants which in any way impeded his ability to file this case earlier.

The Court takes judicial notice[3] of the fact that Plaintiff, acting pro se, filed documents in 2008 and 2010 in a related case before this Court, illustrating his access to the courts during those dates. *See USA v. Ventris*, 08-40056-SAC, Dks. 2, 8; *Cameron v. Stotts*, 1994 WL 697385, 1 (10th Cir. 1994) ("Under section 60-515(a), a prisoner has access to the courts when he is able to file a complaint."). Viewing Plaintiff's allegations in the light most favorable to him, the Court finds no basis in the record supporting Plaintiff's assertion that he was not able to timely file a Section 1983 petition due to his lack of access to the court.

## IV. Conclusion

Because no basis for any tolling has been shown, Plaintiff's suit is dismissed as untimely. The Court finds it unnecessary to reach Defendants' remaining arguments.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss with prejudice is granted.

---

[3] "[A] court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979)." *Hutchinson v. Hahn*, 402 Fed.Appx. 391, 394-95 (10th Cir. 2010).

Dated this 16th day of October, 2012, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge