IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE RAY VENTRIS,

        Plaintiff,

v.                                                                  No. 11-3013-SAC

STATE OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff's motion for reconsideration of the Court's order dismissing his 42 USC § 1983 case.

**Standard for Motion to Reconsider**

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *See Hatfield v. Bd. Of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). The court considers a motion to reconsider as either a motion to alter or amend filed pursuant to Rule 59(e) or a motion for relief from judgment filed pursuant to Rule 60(b), depending on its filing date. Because petitioner filed the motion within 28 days from the entry of judgment, the court will treat the motion as filed pursuant to Rule 59(e).

A party seeking relief under Rule 59(e) must show (1) an intervening change in the controlling law; (2) new evidence that could not have been produced previously by due diligence; or (3) the need to correct clear error

or prevent manifest injustice. *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.,* 439 F.3d 1236, 1242 (10th Cir. 2006) (citations omitted). Such a motion is not to be used to rehash previously rejected arguments or to offer new legal theories or facts that could have been offered previously. *Achey v. Linn County Bank,* 174 F.R.D. 489, 490 (D.Kan. 1997). Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994).

**Kansas Supreme Court Rules**

Plaintiff does not challenge the Court's ruling that the suit is untimely and subject to dismissal absent some form of tolling. Instead, Plaintiff asserts that this civil case was tolled during his criminal case as provided in Kansas Supreme Court Rule 183(c)(2) and 183(c)(4)(B).

Specifically, Plaintiff contends that "the remedies in Kansas District Courts for resolving constitutional issues involving criminal cases is K.S.A. 60-1501 or 60-1507 petitions and the rules concerning the tolling of filings are different for matters involving issues deriving from criminal cases." Dk. 41, p. 1. Plaintiff first asserts that "Kansas Supreme Court rule 183(c)(2) states that motions affecting criminal [matters] may not be filed while the

2

criminal matter is in direct appeal." Dk. 41, p. 1. But that rule relates solely to K.S.A. 60-1507 motions and is much narrower than Plaintiff believes. It provides:

> a motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected.

Because Plaintiff's civil § 1983 case, which this Court dismissed, was not "a motion to vacate, set aside or correct a sentence," this rule is inapplicable.

Plaintiff next asserts that S.Ct. Rule 183(c)(4)(B) states that the filing periods are tolled until the date the United States Supreme Court denies a petition for certiorari or issues its final ruling in the matter. *Id.* But Rule 183 relates solely to K.S.A. 60-1507 motions, and neither contains a subsection (4) or (4)(B), nor any language regarding tolling or certiorari. It is correct, however, that if a petition for certiorari is filed, a criminal appeal is not final until the Supreme Court disposes of that petition. *Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6 (1987). But no authority known to this Court provides that the statute of limitations for a § 1983 case is tolled until a related criminal case is final. The Court previously discussed the only known authorities for tolling this case, and properly found that no basis for tolling had been shown.

**New Facts and Exhibits**

Plaintiff's motion adds new facts and exhibits in support of his claim that he lacked access to the law library while he was at NCF. But Plaintiff

shows no reason why these facts and exhibits were not offered previously. *Achey v. Linn County Bank,* 174 F.R.D. 489, 490 (D.Kan. 1997).

But the new materials, even if considered, would not change the Court's position. Exhibit 4's first page indicates that the "Lexis Nexis" site was "out of order" on September 30th, 2012, (Dk. 41, Exh. 4.) That exhibit has no tendency to show that Plaintiff lacked access to computers during the much earlier time period during which the statute of limitations was running. That exhibit's second page, dated June 1, 2006, indicates that the "law library computers are down" and that "the KDOC computer techs continue to work solving this problem." *Id.* The facts included in the motion fail to explain how the alleged conmputer deficiencies at NCF hindered Plaintiff's efforts to pursue his claim throughout the prescribed statute of limitations, *i.e.,* from August of 2004 to August of 2006.

**State's Admission of Tolling in Criminal Case**

Plaintiff earlier alluded to the State's "admission" that the statute was tolled. The exhibits attached to Plaintiff's motion for reconsideration clarify that the State had argued during Plaintiff's criminal case that its filing of a petition for a writ of certiorari in the United States Supreme Court tolled the speedy trial provisions of K.S.A. 22-3402. Exh. 41, Exh. 2. The state court agreed that the cert. petition tolled the limitations period in the criminal case. *Id.*, Exh. 3. But that ruling is immaterial in this § 1983 case. *See e.g.*, *Martinez v. Espinoza*, 7 F.3d 1045 (Table) (10th Cir. 1993).

**Appointed Counsel in Criminal Case**

Lastly, Plaintiff contends that his appointed criminal counsel was limited to representing him in his criminal case, and not in his civil case. But contrary to Plaintiff's assertions, the Court did not find that defendant's assistance of counsel in his criminal matter had any impact on his access to the courts in this related civil matter.

**Conclusion**

Plaintiff has not shown an intervening change in the controlling law, new evidence that could not have been produced previously by due diligence, or the need to correct clear error or prevent manifest injustice.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration is denied.

Dated this 30th day of October, 2012, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge